## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | |
| ONEJET, INC., | Case No: 18-24070-GLT<br>Chapter 7 |
| Debtor. | |
| ———————————————————— | Adversary Pro. No: 20-02172-GLT<br>Related to Doc. No. 6 |
| ROSEMARY C. CRAWFORD, Chapter 7 Trustee, | |
| | Objection Deadline:<br>December 14, 2020 |
| Plaintiff, | |
| | Hearing Date and Time:<br>January 8, 2021 at 2:15 p.m. |
| v. | |
| BOUSTEAD SECURITIES, LLC; MELVIN PIRCHESKY; EAGLE VENTURES, INC.; and ROBERT CAMPBELL, | |
| Defendants. | |
| ———————————————————— | |
| ROSEMARY C. CRAWFORD, Chapter 7 Trustee, | |
| Movant, | |
| v. | |
| BOUSTEAD SECURITIES, LLC; MELVIN PIRCHESKY; EAGLE VENTURES, INC.; and ROBERT CAMPBELL, | |
| Respondents. | |
| ———————————————————— | ———————————————————— |
| In Re: | |
| ONEJET, INC., | Case No. 18-24070-GLT<br>Chapter 7 |
| Debtor. | |
| ———————————————————— | |

4840-8858-4916

| | Adversary Pro. No: 20-02134-GLT |
|---|---|
| WOODY PARTNERS, et al.[1], | Related to Doc. No. 425 |
| Plaintiffs, | Objection Deadline: December 14, 2020 |
| v. | Hearing Date and Time: January 8, 2021 at 2:15 p.m. |
| MATTHEW R. MAGUIRE; ESTATE OF PATRICK MAGUIRE; BOUSTEAD SECURITIES, LLC; MELVIN PIRCHESKY; and ROBERT LEWIS, | |
| Defendants. | |
| ROSEMARY C. CRAWFORD, Chapter 7 Trustee, | |
| Movant, | |
| v. | |
| WOODY PARTNERS, et al.; MATTHEW R. MAGUIRE; ESTATE OF PATRICK MAGUIRE; BOUSTEAD SECURITIES, LLC; MELVIN PIRCHESKY; and ROBERT LEWIS, | |
| Respondents. | |

## BOUSTEAD SECURITIES, LLC'S MEMORANDUM IN RESPONSE TO MOTION TO ADMINISTRATIVELY COORDINATE ADVERSARY PROCEEDINGS

Defendant Boustead Securities, LLC ("Boustead"), by and through its undersigned

counsel, respectfully submits this memorandum of law in response to the Motion to

---

[1] Due to the large number of Plaintiffs in Adversary Proceeding No. 19-02134 (the "Woody Partners Action"), their names are not listed here. Such information can be found on Exhibit A to the Adversary Proceeding Complaint (Doc. No. 1) in the Woody Partners Action.

2

Administratively Coordinate Adversary Proceedings (Doc. No. 6)[2] (the "Motion"), which was filed by Rosemary C. Crawford, Chapter 7 Trustee, (the "Trustee") on November 24, 2020.[3] Because Boustead has filed a Motion to Dismiss the Trustee's Adversary Proceeding (Doc. No. 4), the Trustee's request for administrative coordination may not apply to Boustead in the event the Court grant's Boustead's Motion to Dismiss and dismisses the Trustee's action in its entirety with prejudice. If the Court denies Boustead's Motion to Dismiss and allows any part of the Trustee's Adversary Complaint against Boustead to survive, then Boustead submits the following in response to the Trustee's Motion. Specifically, for the reasons stated herein, Boustead does not oppose the Trustee's Motion to administratively coordinate discovery and pre-trial matters, but Boustead does object to the Trustee's request for disclosure of any settlements reached in the Woody Partners Action, "with notice and opportunity to be heard before the Court, in the same manner that any settlement . . . would have to be disclosed under Bankruptcy Rule 9019." (*See* Doc. No. 6 at ¶ 36.) As well, if the Trustee's Motion is granted, Boustead requests that the discovery schedule not be extended beyond those dates already established in the Woody Partners Action, the parties enter into a protective order, and the use of the Trustee's Rule 2004 examinations be limited to and used in accordance with Federal Rule Civil Procedure 32(a), as incorporated by Federal Rule of Bankruptcy Procedure 7032. Accordingly, Boustead respectfully requests that in the event the Trustee's Motion is granted, it is done so with the limitations set forth herein.

---

[2] Unless otherwise noted, all referenced filings relate to Adversary Proceeding No. 20-02172-GLT (the "Trustee Action").

[3] On November 18, 2020, Boustead filed a Motion to Dismiss the Trustee's adversary proceeding against Boustead in its entirety, with prejudice. (Doc. No. 4.) The Court has scheduled a hearing on Boustead's Motion to Dismiss for January 8, 2021. No arguments that Boustead makes in this response to the Trustee's Motion are intended to or should waive any of the arguments that Boustead made in its Motion to Dismiss.

4840-8858-4916

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The underlying involuntary bankruptcy case was commenced against OneJet, Inc. ("OneJet") on October 17, 2018, with Case Number 18-24070-GLT.  On December 10, 2018, numerous parties – Woody Partners, et al. – commenced the Woody Partners Action by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, against Matthew Maguire, Patrick Maguire, Boustead, Melvin Pirchesky ("Pirchesky"), Robert Campbell ("Campbell"), Robert Lewis and David Minnotte.  The Woody Partners Action was eventually removed to this Court.

Boustead and Campbell (along with Pirchesky, but through separate counsel) all filed Motions to Dismiss in the Woody Partners Action.  (*See*, *e.g.*, Doc. No.244 in the Woody Partners Action.)  In response to Boustead's (and the other parties') Motions to Dismiss, this Court dismissed Campbell entirely from the case and dismissed a significant amount of the claims against Boustead and Pirchesky.  (Doc. No. 343-345 in the Woody Partners Action.)

Following the disposition of the Motions to Dismiss, on August 25, 2020, this Court entered a scheduling order in the Woody Partners Action that set certain deadlines as follows:

- Pretrial Status Conference: January 21, 2021;
- Completion of Fact Discovery: June 21, 2021;
- Pretrial Status Conference: June 24, 2021;
- Completion of Expert Discovery: September 20, 2021;
- Dispositive Motions: October 20, 2021; and
- Pretrial Status Conference and Hearing on Dispositive Motions: January 7, 2022.

(Doc. No. 395 in the Woody Partners Action.)

4

4840-8858-4916

Well after the Court entered the Scheduling Order noted above, the Trustee filed an adversary complaint against Boustead, Campbell and Pirchesky, seeking the avoidance of commissions that the Defendants allegedly received in connection with the sale of investments to various investors into OneJet, Inc.  (Doc. No. 1.)  Shortly after the Trustee filed the Adversary Complaint in Adversary Proceeding No. 20-02172-GLT against Boustead, Boustead timely filed a Motion to Dismiss, which the Court is scheduled to hear on January 8, 2021.  (Doc. No. 4.)

After Boustead filed its Motion to Dismiss, the Trustee filed the present Motion to Administratively Consolidate.  (Doc. No. 6.)  In accordance with this Court's order, Boustead files the within response to the Trustee's Motion.

## II.    ARGUMENT

### A. BOUSTEAD OPPOSES THE TRUSTEE'S REQUEST TO REQUIRE DISCLOSURE OF SETTLEMENTS, AS PART OF ITS PROPOSED ADMINISTRATIVELY COORDINATED ADVERSARY PROCEEDING.

Although Boustead does not oppose the Trustee's Motion to administratively coordinate discovery and pre-trial matters, it does object to the Trustee's request for disclosure of any settlements reached in the Woody Partners Action, as part of its proposed administratively coordinated adversary proceedings, because it is improper and unnecessary.

Particularly, in its Motion, the Trustee argues that this Court should order the "the economic terms of any settlements thus far or hereafter achieved in the Woody Partners Action shall be disclosed to the chapter 7 Trustee in this case, and are subject to notice and opportunity for hearing to the same extent (and in the same manner) as contemplated in Bankruptcy Rule 9019, and shall not take effect or be binding on any parties thereto until and unless authorized by this Court."  (Doc. No. 6, [Proposed] Order of Court, at 16-17.)  The Trustee further argues for its unveiling of settlement terms and conditions by stating that "[s]uch disclosure, notice and

4840-8858-4916

opportunity to be heard are necessary and appropriate to ensure that the Trustee (and any non-settling defendants) can evaluate the implications of such a settlement in the Woody Partners Action on either of the other Actions." (Doc. No. 6 at ¶ 36.)

Yet, the Trustee's request is both improper and unnecessary. *First*, the Trustee does not cite to any caselaw supporting its argument that settlement agreements, which are ordinarily confidential and not subject to disclosure, be disclosed to the Trustee as part of its consolidation request, nor could it. Applicable case law supports Boustead's position of allowing the parties in the Woody Partners Action to pursue the confidentiality of any settlement agreement. In the matter of *In re Oldco M. Corp*, 466 B.R. 234 (S.D.N.Y. 2012), for example, the court considered a request to file a settlement agreement under seal, which the court ultimately rejected, not because it was impossible or contrary to the rules, but because the requesting party failed to satisfy the requirements of filing under seal. In fact, in *Edwards v. Horizon Blue Cross Blue Shield of New Jersey*, Civil Action. No. 08-6160, 2013 WL 12425817 (D. N.J. Oct. 17, 2013), the court approved the filing and redacting of documents in a confidential manner. Furthermore, settlement confidentiality may outweigh the public's right of access to settlement amounts, and litigants can demonstrate that there is a "particularized showing of the need for confidentiality" in entering into a non-disclosed settlement. *Fair Laboratory Practices Associates v. Hunter Laboratories, LLC*, 666 Fed. Appx. 209, 212 (3d Cir. 2016); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) (stating that the parties may agree "privately to keep information concerning settlement confidential, and may enforce such an agreement in a separate contract action").

*Second*, the Woody Partners Action is a non-core proceeding over which this Court is exercising "related to" bankruptcy court jurisdiction pursuant to 28 U.S.C. § 1334(b), as opposed to the Trustee Actions, which both are core proceedings. Given that difference in the nature of

4840-8858-4916

these different cases, based on this Court's jurisdiction and the varying standards for obtaining Court approval as to confidential and/or redacted settlements, it does not seem appropriate for this Court to grant the Trustee any special or additional rights to view proposed settlements in the Woody Partners Action as requested.  At the time of any proposed settlements in the Woody Partners Action, it will be incumbent upon the parties proposing such settlements to request confidentiality, if at all and only to the extent proper and justified of course, and the Trustee will have the opportunity to object at that point and potentially to make any requests that she considers appropriate to review the information and documentation relating to such proposed settlements at that time.  However since the Woody Partners Action is essentially different from the Trustee Actions as a non-core proceeding, different standards will govern proposed confidential settlements and the Trustee should not be permitted to obtain additional rights with regard to any such information and documentation pre-emptively or without specific justification presented at the appropriate time.

*Third*, the Trustee's attempt to pierce the confidentiality of settlement negotiations and agreements, or in other words waive the cloak of confidentiality, in non-core proceedings, like the Woody Partners Action, would undoubtedly discourage the parties from early and prompt resolution in those non-core proceedings.  That is particularly true because the defendants, knowing that any settlements would be subjected to disclosure and review by the Trustee and this Court, would be discouraged from settling with the plaintiffs, for fear that the amounts and terms would be publicly available.

*Finally*, it is rather early in this case (and technically, not even a ripe issue for this Court to consider) for the Court to mandate that settlements be disclosed (assuming the parties agree to keep them confidential at the time of settlement) at this juncture.  When the time for settlement

4840-8858-4916

comes, the Trustee and the parties to the settlement agreement will have the opportunity to make arguments for and against disclosure and confidentiality.  For now, it is inappropriate and unnecessary for the Court to make a binding ruling about the confidentiality of settlement agreements in connection with a motion to consolidate.

For all these reasons, the Court should deny the Trustee's request to require the disclosure of all settlements reached in the Woody Partners Action, as part of its proposed consolidated proceeding.

**B. THE DISCOVERY SCHEDULE IN THE CONSOLIDATED CASES SHOULD NOT BE EXTENDED BEYOND THE DEADLINES ESTABLISHED IN THE WOODY PARTNERS ACTION.**

If this Court grants the Trustee's Motion, then Boustead requests that this Court impose certain limitations on the consolidated proceeding.

To start, Boustead requests that the discovery schedule should not be extended past the current deadlines set by the Court in the Woody Partners Action.  (*See* Doc. No. 395 in the Woody Partners Action.)  Specifically, the Trustee has requested that the Court "enter a revised Scheduling Order" in each of three specified adversary proceedings.[4]  (Doc. No. 6, [Proposed] Order of Court, at 16.)  Boustead does not oppose a revised scheduling order that accounts for the Trustee participating in the pre-trial proceedings in the Woody Partners Action.  Nevertheless, the Woody Partners Action has been actively litigated since October 2018 and Boustead is eager to drive that case to resolution.  Boustead does not want to see that matter delayed any further, particularly given the fact that it is approaching its third year of litigation.  Additionally, fact discovery in the Woody Partners Action has been ongoing since at least August 2020, and fact discovery is set to

---

[4] Those specified adversary proceedings are Adversary Proceeding No. 19-02134 (the "Woody Partners Action"), Adversary Proceeding No. 20-02175, and Adversary Proceeding No. 20-02172 (collectively with Adversary Proceeding No. 20-02175, the "Trustee Actions").

8

close on June 21, 2021.  Thus, there are more than six (6) months for the Trustee (and all parties, for that matter) to complete discovery.  To the extent it has not already been completed by way of the Trustee's pre-suit examinations and other discovery-related requests,[5] the Trustee should have ample time to complete its fact discovery by the June 21, 2020 deadline.  Accordingly, the discovery deadlines should not be extended any further.

Boustead's position is supported by the fact that the Trustee admits that it has already conducted a substantial amount of discovery.  More specifically, "beginning in February 2019, the Trustee issued Rule 2004 Subpoenas to forty-eight (48) different companies and individuals to obtain documents related to their relationships with OneJet," (Doc. No. 6 at ¶ 8), and in response to those subpoenas, the Trustee "received approximately 108,457 documents," (*id*. at ¶ 9).  As the Trustee admittedly has already received and reviewed hundreds of thousands of documents and taken numerous examinations of individuals connected to OneJet, (*id*. at ¶¶ 7-12), the Trustee should not have to conduct extensive "catch up" discovery if the Trustee's Motion is granted.  If anything, the Trustee should be able to immediately serve targeted discovery on the pertinent parties in the administratively coordinated matters without delay, in the event it even needs to conduct additional discovery in connection with its cases.  Moreover, no depositions have been conducted yet in the Woody Partners Action, which further supports the fact that the Trustee is not prejudiced in any manner that would require an extension of the current discovery deadlines, in the event consolidation is ordered.

In sum, to the extent that the Trustee simply seeks to revise the scheduling order to include its adversary proceedings to the current schedule and does *not* seek to extend the current discovery

---

[5] This assumes that Boustead will still be a party to the Trustee's Adversary Proceeding against Boustead in Spring 2021, which should not be the case, because the Court should grant Boustead's Motion to Dismiss in its entirety, with prejudice.

4840-8858-4916

and other scheduling order deadlines, Boustead would not oppose such a request.  However, should

the Trustee seek consolidation with the Woody Partners Action and, in connection therewith,

request an extension of the discovery and other scheduling order deadlines in the Woody Partners

Action, Boustead firmly opposes that request, for the reasons set forth above.

### C. THE COURT SHOULD REQUIRE THE PARTIES TO ENTER INTO A PROTECTIVE ORDER TO PROTECT THE CONFIDENTIALITY OF DOCUMENTS AND INFORMATION.

If the Court grants the Trustee's Motion in whole or in part, the various protective orders

governing the various matters will need to be addressed and coordinated.  The Trustee and

Boustead have already entered into a protective order in the underlying bankruptcy matter.  (*See*

Doc. No. 358 in Case No. 18-24070-GLT).  Furthermore, all the parties in the Woody Partners

Action have entered into a substantially similar protective order in that matter.  (*See* Doc. No. 382

in the Woody Partners Action.)  If the Court grants the Trustee's Motion, the Court should order

the parties to immediately enter into an appropriate (and substantially similar) protective order that

would control the administratively coordinated matters to protect the disclosure of confidential

information.

### D. THE TRUSTEE SHOULD BE LIMITED IN ITS ATTEMPTED USE OF EXAMINATION TESTIMONY PROCURED WITHOUT BOUSTEAD'S INVOLVEMENT.

Finally, in its Motion, the Trustee notes that it has taken "numerous Rule 2004

examinations" in addition to "requesting and obtaining documents." (Doc. No. 6 at ¶ 11.)  Yet,

Boustead's counsel was not present at and/or not permitted to ask questions at any of the

"numerous Rule 2004 examinations" that the Trustee cites in its Motion.  Because Boustead was

not present at any of the Rule 2004 examinations and was not afforded the opportunity to cross-

examine witnesses at those examinations, neither the Trustee nor the plaintiffs in the Woody

4840-8858-4916

Partners Action should be permitted to use *any* information obtained at any of those Rule 2004 examinations against Boustead in the coordinated proceeding. *See* Fed. R. Civ. P. 32(a) (providing when a deposition may be used against a party). Allowing the Trustee to use uncontested testimony against Boustead (or to present it as any sort of binding admission) in the administratively coordinated cases would be unfairly prejudicial to Boustead in the event the Court grants the Trustee's Motion and consolidates the matters for administrative purposes.

### III.    CONCLUSION

**WHEREFORE**, barring total and complete dismissal of the Trustee's Complaint as set forth in Boustead's pending Motion to Dismiss, Boustead respectfully requests that the Court enter an Order: (1) denying the Trustee's request to require the disclosure of all settlements reached in the Woody Partners Action; (2) granting the Trustee's request to administratively coordinate discovery and pre-trial matters in the three adversary proceedings with the limitations set forth above (*i.e.*, keeping the discovery and scheduling order already set in the Woody Partners Action, ordering the parties to enter into a protective order, and limiting the use of depositions in accordance with the federal rules); and (3) granting Boustead such other and further relief as it deems to be just and proper.

Date:  December 14, 2020

By: */s/ Jason L. Ott*
Jason L. Ott (PA Bar No. 307212)
Sylvia N. Winston (PA Bar No. 318285)
Ron G. Jones (PA Bar No. 208045)
Jackson Kelly PLLC
501 Grant Street, Suite 1010
Pittsburgh, PA 15219
Phone: 412-434-8055
jason.ott@jacksonkelly.com
sylvia.winston@jacksonkelly.com
ron.jones@jacksonkelly.com

4840-8858-4916

***and***

Date:  December 14, 2020                    By: */s/ Andrew R. Shedlock*_____

Christopher Parrington *(Pro hac vice)*
Andrew Shedlock *(Pro hac vice)*
Kutak Rock LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
Phone: 612-334-5000
christopher.parrington@kutakrock.com
andrew.shedlock@kutakrock.com

***Attorneys for Defendant Boustead
Securities, LLC***

12

4840-8858-4916